FOR PUBLICATION

ATTORNEY FOR APPELLANT
: 
ATTORNEY FOR APPELLEE
:

MARSHALL P. WHALLEY
 
MARY J. HOELLER

Whalley and Kuchaes Lewis & Wagner

Merrillville, Indiana Indianapolis, Indiana

IN THE

COURT OF APPEALS OF INDIANA

MICHAEL J. WISNIEWSKI, )

)

Appellant-Plaintiff, )

)

vs. ) No.  45A05-9610-CV-417

)

DONNA BENNETT, )

Commissioner of Insurance, )

)

Appellee-Defendant. )

APPEAL FROM THE LAKE SUPERIOR COURT

The Honorable James Richards, Judge

Cause No.  45D05-9509-CP-1710

April 16, 1998

OPINION - FOR PUBLICATION

RUCKER, Judge

This is a summary judgment action involving the ability of a claimant to gain access to the Patient's Compensation Fund (Fund) established by the Indiana Medical Malpractice Act.  On motion by the Insurance Commissioner of the State of Indiana (Commissioner), the trial court denied such access to claimant Michael J. Wisniewski.  Wisniewski now appeals contending the trial court erred in so doing. We reverse and remand. 

The relevant and undisputed facts are these.  Between February 1986 and March 1990 Wisniewski was treated for injuries by Dr. Kishan Chand whose offices were located at the Southeastern Medical Centers, S.C. (Southeastern).  Wisniewski filed a proposed complaint with the Indiana Department of Insurance against Dr. Chand, the Southeastern Medical Centers, as well as several other health care providers.  The complaint was based on the alleged medical negligence Wisniewski suffered at the hands of various medical care providers while being treated for orthopedic injuries.  In due course a medical review panel rendered a unanimous opinion concluding that only Southeastern failed to meet the  applicable standard of care and that such failure was a factor in Wisniewski's resultant damage.  The panel did not render an opinion concerning Dr. Chand because "said defendant was not an actual defendant before the Department of Insurance."  R. at 152.  More specifically, as both parties agree, Dr. Chand was not a "qualified health care provider" as the term is used in the Medical Malpractice Act, and thus, was not properly before the panel. Thereafter the panel amended the opinion to clarify its position concerning Southeastern.  In individual affidavits the panel unanimously asserted that the opinion concerning Southeastern "was based solely on the care provided by Kishan Chand, M.D., as an employee or officer of Southeastern Medical Centers, S.C."  R. at 184, 189, 194.  Further, the panel "did not find that any other health care provider at Southeastern Medical Centers, S.C. failed to meet the applicable standard of care."  
Id.
 

Dr. Chand was insured by the Illinois State Medical Insurance Exchange (ISMIE).  For the six-year period between 1986 and 1990 Southeastern was also insured by ISMIE, and for a one-year period between 1988 and 1989 Southeastern carried additional insurance with the Physician Insurance Company of Indiana (PICI).  ISMIE is an Illinois domiciled insurance company holding a certificate of authority to engage in the business of insurance in the State of Illinois.  ISMIE is not authorized to write medical malpractice liability insurance in the State of Indiana.  After the medical review panel issued its opinion, Wisniewski entered into an agreement with Southeastern.  The agreement provided in part that in return for Southeastern's payment to Wisniewski of $100,000.00, Wisniewski would release Southeastern from any liability arising out of his claims of medical malpractice.  For the sum of $12,500.00, Wisniewski entered into a similar agreement with Dr. Chand.  The amounts in both releases were paid by ISMIE, and they were paid through Dr. Chand's policy rather than Southeastern's policy.  

Claiming damages of $650,000.00 Wisniewski thereafter filed a petition with the trial court for payment from the Patient's Compensation Fund pursuant to Ind. Code § 27-12-15-3. Commissioner filed a motion for summary judgment on the basis that the agreed settlement was paid by a non-qualified insurer for the negligence of a non-qualified health care provider.  Thus, according to Commissioner, Wisniewski was not entitled to seek payment from the Fund.  After examining the parties' Ind.Trial Rule 56 materials and entertaining arguments of counsel, the trial court granted Commissioner's motion.  This appeal followed.

A medical malpractice action against a qualified health care provider is governed by the Indiana Medical Malpractice Act, Ind. Code §§ 27-12-1-1 to 27-12-18-2.  A health care provider has the option of becoming "qualified" under the Act, and thereby receiving the benefit of the Act, or may choose not to become "qualified."  In order to qualify under the Act, a health care provider or the health care provider’s insurer must file proof of financial responsibility with the Insurance Commissioner and pay a surcharge.  Ind. Code § 27-12-3-2.  In exchange, the health care provider's liability is limited to $100,000.00 per occurrence of malpractice.  Ind. Code § 27-12-14-3.  Victims of medical malpractice committed by qualified health care providers whose damages exceed $100,000.00 may petition the Patient’s Compensation Fund for payment of their excess damages.  The current limit is  $750,000.00.  Health care providers who choose not to qualify fall outside the coverage of the Act.  Ind. Code § 27-12-3-1.  Access to the Patient's Compensation fund is controlled by Ind. Code § 27-12-15-3.  
Eakin v. Reed
, 567 N.E.2d 148 (Ind. Ct. App. 1991), 
trans. denied
. If a health care provider or its insurer agrees to settle its liability by paying its policy limits of one hundred thousand dollars ($100,000.00) and the claimant is demanding a sum greater than one hundred thousand dollars, then the procedure outlined by the statute must be followed in order to recover from the Fund. 

Wisniewski contends that he satisfied all of the statutory preconditions required to gain access to the Fund and therefore the trial court erred in granting Commissioner's motion for summary judgment.  Although conceding that Southeastern is a qualified health care provider, Commissioner disagrees with Wisniewski's contention.  The essence of Commissioner's argument seems to be that in reality Wisniewski entered a settlement agreement not with Southeastern but with Dr. Chand.  Commissioner points out, for example, that Southeastern was liable only because of Dr. Chand's negligence, and that settlement funds were paid through Dr. Chand's insurance policy with ISMIE rather than Southeastern's policy with ISMIE.  Commissioner’s argument is not without merit.  If the agreement to settle were made solely with Dr. Chand to the exclusion of Southeastern, then Wisniewski would not be entitled to recover from the Fund.  This is so because Dr. Chand is not a qualified health care provider; neither he nor his insurer ISMIE filed proof of financial responsibility with the Insurance Commissioner or paid a surcharge as required by I.C. 27-12-3-2.  However, as we discuss below, the evidence before the trial court and before this court is in dispute. 

With respect to Commissioner's argument that Wisniewski is not entitled to gain access to the Fund because Southeastern's liability exists only because of Dr. Chand's negligence, we disagree.  Commissioner does not direct our attention to any portion of the Act which precludes respondeat superior liability.  Nor does our own examination of the Act reveal any such preclusion.  The law is settled that where the usual requisites of agency or an employer/employee relationship exist, a corporation may be held vicariously liable for malpractice for acts of its employee-physicians.  
Sloan v. Metropolitan Health Council
, 516 N.E.2d 1104, 1109 (Ind. Ct. App. 1987).  The Act itself contemplates that a qualified health care provider may have to pay the statutory maximum of $100,000.00 based on the negligence of an employee, officer, or agent.
(footnote: 1)  Wisniewski may not be denied access to the Fund on grounds of respondeat superior liability. 

 To support its argument that Wisniewski actually settled his claim with Dr. Chand, Commissioner necessarily went beyond the four corners of the written agreement. Although this is the correct approach, Commissioner's conclusion is incorrect.  We are guided in our analysis of this case by a recent decision.  In 
Smith v. Pancner
, 679 N.E.2d 893, 898 (Ind. 1997) our supreme court vacated a decision of this court which had affirmed the trial court's grant of summary judgment in favor of the Insurance Commissioner.  Looking only to the terms of a written settlement agreement, a majority of this court determined that the claimant was not entitled to gain access to the Fund.  
See
 
Smith v. Pancner
, 663 N.E.2d 1162, 1164 (Ind. Ct. App. 1996).  The majority reached that determination because in its view the only evidence of settlement was the written agreement entered into between the claimant and a non-qualified health care provider.  
Id.
 at 1163-64.  On transfer our supreme court vacated the decision indicating "we find no requirement that the parties cannot 'agree to settle' orally or only partially in writing."  
Pancner
, 679 N.E.2d at 895.  The evidence in that case was undisputed that the two doctors who were negligent in their treatment of the claimant, were qualified health care providers and benefited by the terms of the written agreement.  Although neither doctor was a party to the written agreement, our supreme court reversed the grant of summary judgment because the T.R. 56 materials showed that there was a genuine issue of material fact as to whether appellee Dr. Pancner, a qualified health care provider, or his insurer "were among those who agreed to settle" appellant's claim.  
Id.
 at 896.

In this case we have a slightly different version of the facts as presented in 
Pancner
.  In that case the literal terms of the settlement document clearly showed that the claimant entered a written agreement with a non-qualified heath care provider.  Here, the written document does not make clear with whom Wisniewski entered a settlement agreement.  The document, which is actually identified as a "Release" purports to release Southeastern from any liability; but it is signed only by Wisniewski.  It was then witnessed and endorsed by the secretary of Wisniewski's attorney.  Although a person may certainly agree unilaterally to perform an act, it cannot be said that a person has an agreement to settle a case unless there is at least one other party to that arrangement.  In any event the document itself provides little guidance as to whether Southeastern, a qualified health care provider, agreed to settle Wisniewski's claim.  More instructive is the affidavit of Marie Stensland, a professional liability supervisor employed by ISMIE.  Her affidavit reveals that Southeastern and Dr. Chand were represented by the same attorney who was hired by ISMIE.  The attorney prepared the release documents.  Her affidavit further reveals:

The medical malpractice case against Kishan Chand, M.D. and Southeastern was settled for a payment of $112,500.00 by ISMIE.  Two checks were issued, made payable to Michael J. Wisniewski and his attorneys. . . . One check was issued for $100,000.00 and second check was issued for $12,500.00

R. at 172.  Taken together the release document and the affidavit at least raise a dispute of material fact as to whether Southeastern was "among those who agreed to settle" Wisniewski's claim.  
See
 
Pancner
, 679 N.E.2d at 896.  That the claim was paid by an insurer not authorized to write medical liability insurance in the State of Indiana is of no moment. As 
Pancner
 makes clear where either the qualified health care provider 
or
 its insurer agrees to settle claimant's claim by payment of the requisite amount, then the claimant is entitled to access the Fund.  
Id
. at 896.  Because there is a dispute of material fact as to whether Wisniewski agreed to settle his claim with Southeastern, a qualified health care provider, summary judgment in favor of Commissioner was inappropriate.  Therefore, we reverse the judgment of the trial court and remand this cause for a hearing pursuant to Ind. Code § 27-12-15-3.

We observe however that on remand even if  the trial court determines that Southeastern was among those who agreed to settle Wisniewski's claim, that does not mean Wisniewski is automatically entitled to gain access to the Fund.  Southeastern had overlapping insurance coverage during the time Wisniewski was the victim of medical negligence.  It was covered by ISMIE, the insurer who did not pay into the Fund as well as PICI, the insurer who did pay into the Fund.  However, PICI's payment into the Fund on Southeastern's behalf occurred only for a one-year period between 1988 and 1989.  Ind. Code § 27-12-13-1 provides:

Only while malpractice liability insurance remains in force are the health care provider and the health care provider's insurer liable to a patient or the patient's representative for malpractice to the extent and in the manner specified in this article.

Under the foregoing provision Wisniewski's ability to gain access to the Fund is limited to  the period in which PICI's liability insurance  remained in force.
  Stated differently PICI paid into the Fund for one year, and it was during that one-year period that Southeastern was a qualified health care provider.  Wisniewski claims damages for medical negligence occurring between 1986 and 1990.  However, the evidence before us does not indicate whether or to what extent his claim occurred during the relevant time period between 1988 and 1989.  Thus, there must be a determination of (i) whether any of Wisniewski's claimed damages occurred during the relevant time period, and (ii) whether the damages attributable to that time period meet the $100,000.00 threshold requirement.  On remand, if the trial court finds that Southeastern was among those who agreed to settle Wisniewski's claim, and that Wisniewski met the threshold requirement for the relevant time period, then Wisniewski is entitled to gain access to the Fund.  Otherwise he is not so entitled.  Accordingly, the trial court's entry of summary judgment for Commissioner is reversed, and this cause is remanded for further proceedings consistent with this opinion. 

Judgment reversed and cause remanded.

SHARPNACK, C.J., and STATON, J., concur.

FOOTNOTES
1:  
See
 Ind. Code § 27-12-14-3(d) which provides:

If a health care provider qualified under this article admits liability or is adjudicated liable solely by reason of the conduct of another health care provider who is an officer, agent, or employee of the health care provider acting in the course and scope of employment and qualified under this article, the total amount that shall be paid to the claimant on behalf of the officer, agent, or employee and the health care provider by the health care provider or its insurer is one hundred thousand dollars ($100,000).  The balance of an adjudicated amount to which the claimant is entitled shall be paid by other liable health care providers or the patient’s compensation fund or both.